UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

KELLY FALCON,

            Plaintiff,

      v.

SCOTTSDALE INSURANCE COMPANY, an Arizona company, ANDRE-ROMBERG INSURANCE AGENCY, INC., a Washington corporation; COCHRANE & COMPANY, a Division of COCHRANE AGENCY, INC., a Washington corporation,

            Defendants.

No. CV-06-122-FVS

ORDER GRANTING MOTION TO REMAND

**BEFORE THE COURT** is Plaintiff's Motion to Remand and Objection to Removal. (Ct. Rec. 3). Plaintiff is represented by Amos Hunter. Defendants Scottsdale Insurance Company and Cochrane & Company are represented by Randall Adams. Defendant Andre-Romberg Insurance Agency, Inc., is represented by Edward Johnson.

**BACKGROUND**

This action stems from a fire at the Plaintiff's place of business for which he had procured insurance through Scottsdale Insurance Company ("Scottsdale"). Because Plaintiff was convicted of arson, Scottsdale refused to pay on the insurance policy. Plaintiff, a Washington resident, brought suit against Scottsdale, an Arizona resident, in Spokane County Superior Court for negligence, breach of contract, insurance bad faith, and violation of the Washington

ORDER GRANTING MOTION TO REMAND - 1

Consumer Protection Act. (Ct. Rec. 2). On April 25, 2006, Scottsdale removed this matter to federal court pursuant to 28 U.S.C. §§ 1441(b) and 1332. At the time of removal, the Court had jurisdiction over this action based on diversity of citizenship.

On May 10, 2006, before Scottsdale filed an Answer to Plaintiff's Complaint, Plaintiff filed his first Amended Complaint, naming two additional Defendants: Andre-Romberg Insurance Agency, Inc. ("Andre-Romberg") and Cochrane & Company, Plaintiff's insurance agent and broker, respectively. Plaintiff asserts claims for negligence, breach of contract, insurance bad faith, and violation of the Washington Consumer Protection Act against Andre Romberg. (Ct. Rec. 5). Plaintiff asserts claims for negligence and breach of contract against Cochrane & Company. *Id.* Plaintiff now moves to remand this action to state court for lack of complete diversity.

**LEGAL STANDARD**

After a case has been removed to federal court, if a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, the district court has discretion to deny the joinder, or allow the joinder and remand the case to state court. 28 U.S.C. § 1447(e). In this circumstance, section 1447(e) conflicts with Federal Rule of Civil Procedure 15(a), which permits a plaintiff to amend his complaint without leave of the court "before a responsive pleading is served." The Court, however, determines the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e). *See Clinco v. Roberts*, 41 F.Supp.2d 1080, 1088 (C.D.Cal. 1999) (explaining

rationale for applying section 1447(e) standard to Rule 15(a) amendment that destroys complete diversity); *accord IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D.Cal. 2000) (recognizing that diversity-destroying amendment is analyzed under section 1447(e) and requires higher scrutiny than does amendment generally); *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F.Supp. 1024 (D.Nev. 1996); *see also Mayes v. Rapoport*, 198 F.3d 457, 461 n. 11 (4th Cir. 1999) (recognizing that section 1447(e) conflicts with Rule 15(a) under certain circumstances, but holding that a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was permitted without leave of the court under Rule 15(a)).

**DISCUSSION**

Under section 1447(e), the decision to permit joinder of a defendant that destroys diversity jurisdiction is left to the sound discretion of the district court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). District courts in the Ninth Circuit have fashioned a list of several factors which are used in the analysis of joinder pursuant to section 1447(e). *IBC Aviation Servs.*, 125 F.Supp.2d at 1011 (discussing cases). The factors generally considered include

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6)

ORDER GRANTING MOTION TO REMAND - 3

whether denial of joinder will prejudice the plaintiff. *Id.* (internal citations omitted).

### 1. Just Adjudication and Fed.R.Civ.P. 19

First, Federal Rule of Civil Procedure Rule 19(a) requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations. A necessary party under Rule 19(a) is a person "having an interest in the controversy, and who ought to be made [a party], in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (citation and internal quotations omitted). This standard is met when failure to join will lead to separate and redundant actions. *Id.* Although courts should consider whether a party sought to be joined after removal would meet the standard for a necessary party, amendment under section 1447(e) is a less restrictive standard than for joinder under Rule 19(a). *IBC Aviation Servs.*, 125 F.Supp.2d at 1012; *see Mayes*, 198 F.3d. at 462 (stating that Rule 19(a) does not control the issue of joinder of a diversity-destroying defendant because under section 1447(e) the decision to permit joinder is left to the sound discretion of the district court). Courts prevent joinder of a diversity-destroying defendant where the defendant is only tangentially related to the cause of action or would not prevent complete relief. *Id.; see e.g., Red Buttons v. Nat'l*

*Broadcasting Co.*, 858 F.Supp. 1025, 1027 (C.D.Cal. 1994) (disallowing amendment to add non-diverse defendants who were not involved with the production alleged to be defamatory).

    Here, Plaintiff purchased a commercial insurance policy from Scottsdale, through its agent, Andre-Romberg, via a broker, Cochrane & Company. Plaintiff alleges one of the primary issues in this case concerns the communication between all of these parties. Scottsdale argues this case primarily entails an issue of contract interpretation and contends the factual predicate of the new claims against Andre-Romberg and Cochrane & Company are entirely different from that underlying the claims against Scottsdale. Plaintiff's Amended Complaint, however, asserts individual claims for negligence and breach of contract against all three defendants. Further, Plaintiff alleges his claims against all Andre-Romberg and Cochrane & Company arise out of the same transaction from which Plaintiff's claims against Scottsdale arise. Plaintiff also alleges each of the named defendants may be jointly liable to Plaintiff.

    Preventing Plaintiff from filing his Amended Complaint may hinder the Defendants from asserting their rights against each other and impede their ability to protect their interests if they are jointly and severally liable. Although Andre-Romberg and Cochrane & Company may not be necessary parties whose joinder is required under Rule 19(a), the allegations in the Complaint indicate significant involvement of the new Defendants in the occurrence giving rise to Plaintiff's causes of action. Courts have approved discretionary joinder where there is a high degree of involvement by the defendant

in the occurrences that gave rise to the plaintiff's cause of action. *See. e.g., Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376, 1373-74 (9th Cir. 1980) (permitting joinder of an insurer who denied the existence of an insurance contract, so that plaintiff could pursue counts of fraud or negligent misrepresentation). From the face of Plaintiff's Amended Complaint, it appears Andre-Romberg and Cochrane & Company are not simply tangentially related to Plaintiff's causes of action. The Court concludes this factor weighs in favor of permitting the joinder of Defendants Andre-Romberg and Cochrane & Company.

### 2. Statute of Limitations

Plaintiff does not argue a new action against Andre-Romberg and Cochrane & Company would be time-barred. Thus, this factor does not necessarily weigh in favor of permitting Plaintiff to join non-diverse defendants. *See Clinco*, 41 F.Supp.2d at 1083; *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1023 (C.D.Cal. 2002); *but see IBC Aviation Servs.*, 125 F.Supp.2d at 1012 (permitting joinder of non-diverse defendants under section 1447(e) even though a separate action would not have been time-barred because requiring a plaintiff to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results).

### 3. Timeliness

When determining whether to allow a plaintiff to amend his complaint to add a non-diverse party, courts consider whether the amendment was attempted in a timely fashion. *See IBC Aviation Servs*, 125 F.Supp.2d at 1012 (citing cases). In the instant matter,

Plaintiff filed his Amended Complaint less then two weeks after this action was removed. The Court finds Plaintiff acted in a timely fashion and did not unreasonably delay in filing his Amended Complaint. *See e.g.*, *Clinco* 41 F.Supp2d at 1083 (finding amendment less then six weeks after removal reasonable time); *Boon*, 229 F.Supp.2d at 1023 (finding amendment less then one month after removal reasonable time); *cf. Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (holding a delay of six months after removal and just four days prior to the hearing on a motion for summary judgment was "too late" for plaintiff to move to amend complaint to add new parties thereby defeating diversity jurisdiction). The Court determines the timing of Plaintiff's Amended Complaint weighs in favor of permitting the joinder of Defendants Andre-Romberg and Cochrane & Company.

### 4. Motive for Joinder

When the presence of a new defendant will defeat the Court's diversity jurisdiction and require a remand to state court, the Court "should look with particular care" at the motive of the plaintiff seeking the joinder. *Desert Empire Bank*, 623 F.2d at 1376. Although Scottsdale contends Plaintiff seeks to join Andre-Romberg and Cochrane & Company simply to destroy diversity, Scottsdale has not pointed to any evidence suggesting Plaintiff had an improper motive in filing his Amended Complaint. The Court declines to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal. *See e.g., IBC Aviation Servs.*, 125 F.Supp.2d at 1012. In light of Plaintiff's allegations in his Amended

ORDER GRANTING MOTION TO REMAND - 7

Complaint, the Court finds Plaintiff's desire to join Andre-Romberg and Cochrane & Company as defendants to be reasonable and justified.

### 5. Validity of Claims

The Court recognizes, and Scottsdale does not argue otherwise, that Plaintiff may have valid claims against Andre-Romberg and Cochrane & Company. Thus, this factor weighs in favor of permitting joinder of these non-diverse Defendants.

### 6. Possible Prejudice

Preventing Plaintiff from joining non-diverse Defendants Andre-Romberg and Cochrane & Company in this action would require Plaintiff to choose between pursuing a parallel action in state court involving redundant litigation arising out of the same facts and legal issues, or foregoing his potential claims against Andre-Romberg and Cochrane & Company. Further, requiring Plaintiff to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results. Moreover, allowing the amendment to Plaintiff's Complaint will not prejudice Scottsdale because discovery has not yet begun and a Scheduling Order has not yet been established by the Court. *See e.g., IBC Aviation Servs.*, 125 F.Supp2d at 1013 (finding no prejudice towards defendant when discovery had yet to begin). This factor weighs in favor of permitting the joinder of non-diverse Defendants Andre-Romberg and Cochrane & Company.

**CONCLUSION**

The Court finds the joinder of non-diverse Defendants Andre-Romberg and Cochrane & Company is warranted because they are more than tangentially related to Plaintiff's claims, amendment will conserve

ORDER GRANTING MOTION TO REMAND - 8

1 judicial resources and reduce the risk of inconsistent results,
2 Plaintiff's filing of his Amended Complaint was not unreasonably
3 delayed, the claims against Andre-Romberg and Cochrane & Company
4 appear valid, and amendment will not prejudice the parties.  The
5 equities favor allowing joinder of Defendants Andre-Romberg and
6 Cochrane & Company.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand **(Ct. Rec. 3)** is **GRANTED**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, furnish copies to counsel, and **CLOSE THE FILE**.

**DATED** this 21st day of August, 2006.

                              *s/ Fred Van Sickle*
                              Fred Van Sickle
                       United States District Judge